IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF FLORIDA

GAINESVILLE DIVISION

| | |
|---|---|
| SAVANNAH TRANTHAM, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br>v.<br>PRIME COMMUNICATIONS, L.P.,<br><br>Defendant. | Civil Action, No.  1:19-cv-37-MW-GRJ |

## DEFENDANT'S ANSWER AND DEFENSES

Defendant, Prime Communications, L.P. ("Prime"), by and through its undersigned counsel, hereby answers Savannah Trantham's ("Trantham" or "Plaintiff") Complaint and Demand for Jury Trial ("Complaint") by responding to the correspondingly numbered paragraphs of the Complaint and stating affirmative and other defenses, as follows:[1]

GENERAL ALLEGATIONS

1.      The allegations contained in Paragraph 1 of the Complaint contain statements of legal conclusion to which no answer is required. To the extent an

---

[1] Plaintiff filed an Unopposed Motion to Stay (Doc. 9) on April 25, 2019.  That Motion asks the Court to "stay this matter due to an arbitration agreement between Plaintiff and Defendant." Doc 9. Immediately after Plaintiff's Motion was filed, counsel for Defendant contacted the Clerk of this Court and was instructed to file a response to the Complaint notwithstanding the pending Motion.  Defendant expressly reserves the right to assert additional defenses and move the court for an order compelling arbitration of the instant dispute as appropriate, and specifically does not waive its arguments in favor or seeking such an order from this Court via separate moving papers as necessary.

1

answer is required, Prime acknowledges that Plaintiff purports to bring this action under the Fair Labor Standards Act but denies that any such violations occurred or that Plaintiff is entitled to any relief as a result of any alleged violations or wrongdoing.

2. Prime is without information sufficient to admit or deny the allegations contained in Paragraph 2 of the Complaint and therefore on that basis denies the same.

3. Prime admits the allegations contained in Paragraph 3 of the Complaint.

## BACKGROUND

4. The allegations contained in Paragraph 4 of the Complaint contain statements of legal conclusion to which no answer is required. To the extent an answer is required, Prime acknowledges that Plaintiff purports to bring this action under the Fair Labor Standards Act Plaintiff and seek payment of wages allegedly owed to Plaintiff but denies that any such violations occurred or that Plaintiff is entitled to any relief as a result of any alleged violations or wrongdoing.

5. Prime is without information sufficient to admit or deny the allegations contained in Paragraph 5 of the Complaint and therefore on that basis denies the same.

6. Prime admits the allegations contained in Paragraph 6 of the Complaint.

7. Prime admits the allegations contained in Paragraph 7 of the Complaint.

8. Prime admits the allegations contained in Paragraph 8 of the Complaint.

9. Prime admits that Plaintiff was hired in or around February 2018 and was employed in a sales consultant capacity until she resigned in February 2019. Prime denies the remaining factual allegations, express or implied, contained in Paragraph 9 of the Complaint.

10. Prime denies the allegations contained in Paragraph 10 of the Complaint.

11. Prime admits that throughout her employment with Prime, the minimum hourly rate that Plaintiff was paid was $11.10. Prime denies the remaining factual allegations, express or implied, contained in Paragraph 11 of the Complaint.

12. The allegations contained in Paragraph 12 of the Complaint contain statements of legal conclusion to which no answer is required. To the extent an answer is required, Prime admits that the FLSA generally requires covered

employers to pay certain employees a federally-mandated minimum hourly wage and overtime pay in the amount of one and one half times the employee's regular hourly rate for each hour of work performed in excess of 40 in a workweek. Prime denies the remaining factual allegations, express or implied, contained in Paragraph 12 of the Complaint.

13. Prime denies the allegations contained in Paragraph 13 of the Complaint.

14. Prime denies the allegations contained in Paragraph 14 of the Complaint.

15. Prime denies the allegations contained in Paragraph 15 of the Complaint.

16. Prime denies the allegations contained in Paragraph 16 of the Complaint.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

17. Prime repeats and reasserts its answers and denials to each and every allegation contained in the forgoing Paragraphs 1–16 as if fully rewritten herein.

18. Prime admits the allegations contained in Paragraph 18 of the Complaint.

19. Prime admits the allegations contained in Paragraph 19 of the Complaint.

20. The allegations contained in Paragraph 20 of the Complaint contain statements of legal conclusion to which no answer is required. To the extent an answer is required, Prime denies the allegations contained in Paragraph 20 of the Complaint.

21. Prime denies the allegations contained in Paragraph 21 of the Complaint.

22. Prime is without information sufficient to admit or deny the allegations contained in Paragraph 22 of the Complaint and therefore on that basis denies the same.

23. The allegations contained in Paragraph 23 of the Complaint contain statements of legal conclusion to which no answer is required. To the extent an answer is required, Prime denies the allegations contained in Paragraph 23 of the Complaint.

24. The allegations contained in Paragraph 24 of the Complaint contain statements of legal conclusion to which no answer is required. To the extent an answer is required, Prime denies the allegations contained in Paragraph 24 of the Complaint.

25. Prime denies the allegations contained in Paragraph 25 of the Complaint.

26. The allegations contained in Paragraph 26 of the Complaint contain statements of legal conclusion to which no answer is required. To the extent an answer is required, Prime denies the allegations contained in Paragraph 26 of the Complaint.

27. The allegations contained in Paragraph 27 of the Complaint contain statements of legal conclusion to which no answer is required. To the extent an answer is required, Prime denies the allegations contained in Paragraph 27 of the Complaint.

## COUNT II
## BREACH OF CONTRACT

28. Prime repeats and reasserts its answers and denials to each and every allegation contained in the forgoing Paragraphs 1–27 as if fully rewritten herein.

29. Prime denies the allegations contained in Paragraph 29 of the Complaint.

30. The allegations contained in Paragraph 30 of the Complaint contain statements of legal conclusion to which no answer is required. To the extent an answer is required, Prime admits that Florida Statute § 448.08 provides generally

provides for an award of attorneys' fees in certain circumstances. Prime denies the remaining factual allegations, express or implied, contained in Paragraph 30 of the Complaint..

31. Prime denies the allegations contained in Paragraph 31 of the Complaint.

32. Prime denies the allegations contained in Paragraph 32 of the Complaint.

## GENERAL DENIAL

Prime denies each and every allegation contained within the Complaint not specifically admitted and demands strict proof thereof. Furthermore, Prime denies Trantham's entitlement to any relief sought within its Complaint, including as well as the Trantham's entitlement to nominal damages, unpaid wages, unpaid overtime, liquidated damages, pre- and post-judgment interests, attorney's fees, or any other sought relief.

## **AFFIRMATIVE AND OTHER DEFENSES**

## FIRST DEFENSE

An agreement between Plaintiff and Prime expressly provides for arbitration of all disputes of the type alleged in the Complaint. Plaintiff has failed to comply with the agreement to arbitrate and the agreement precludes this litigation.

## SECOND DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

## THIRD DEFENSE

To the extent plaintiff has failed to exhaust her administrative remedies or has otherwise failed to satisfy any applicable conditions precedent to suit, her claims are barred.

## FOURTH DEFENSE

To the extent the damages alleged by the plaintiff were caused or exacerbated by any act or failure to act on the part of the plaintiff, any damages awarded to the plaintiff should be reduced accordingly.

## FIFTH DEFENSE

To the extent plaintiff has failed to make a good faith, reasonable effort to mitigate her damages, she should be precluded from recovering damages against defendant.

## SIXTH DEFENSE

Prime is entitled to a set off for any amounts received by plaintiff through her efforts to mitigate damages.

## SEVENTH DEFENSE

To the extent the plaintiff's claims are partially or completely barred by the after-acquired evidence doctrine, plaintiff is precluded from recovering against Defendant.

## EIGHTH DEFENSE

Plaintiff's action is barred because he seeks to recover for time that is de minimus work time and thus not compensable under the FLSA.

## NINTH DEFENSE

Without assuming the burden of proof, Plaintiff was compensated for all hours worked in excess of 40 hours in any particular workweek (as Plaintiff herself reported her time worked) at a rate not less than that set forth by the overtime provisions of the FLSA.

Prime alleges that the Complaint and every cause of action contained therein cannot be maintained against Prime because, in the alternative, any acts taken by any of its officers, managers and/or employees, or any of them deemed to be wrongful or unlawful, were committed outside the course and scope of such employees' employment, agency and authority to act on behalf of Prime; such acts were not authorized, adopted, condoned, or ratified by Prime; Prime did not have

notice or knowledge of such conduct; nor did Prime have any advance knowledge of the alleged unfitness of its officers, managers and/or employees or continue to employ them thereafter in conscious disregard of the rights and safety of others.

## TENTH DEFENSE

Prime alleges that any violation of any statute alleged was not knowing, intentional, or willful.

## ELEVENTH DEFENSE

Without assuming the burden of proof, Defendant complied with all recordkeeping requirements of the FLSA.

## TWELFTH DEFENSE

Plaintiff's claims are estopped by the submission of her own time records, for which Defendant compensated her for all overtime worked and claimed.

## THIRTEENTH DEFENSE

Assuming any employee of Prime engaged in any unlawful conduct toward Plaintiff, which Prime denies, Prime neither knew nor reasonably should have known of said unlawful conduct.

## FOURTEENTH DEFENSE

The Complaint is barred by the doctrine of laches to the extent that Plaintiff or others either acquiesced to conduct or prejudiced Prime by unreasonably delaying in alleging harms. Likewise, the Complaint is barred to the extent that Plaintiff is estopped or has waived, by her own conduct or actions, the right to assert the claims alleged in the Complaint.

## FIFTEENTH DEFENSE

The Complaint is barred to the extent that the recovery of penalties, under the circumstances of this case, would be unjust, arbitrary and oppressive, or confiscatory and disproportionate to any harms resulting from Respondent's conduct.

Prime hereby reserve their right to raise new, separate, distinct and additional affirmative defenses which may be appropriate based upon facts and information developed in this case and Prime will seek to supplement this answer at such time.

WHEREFORE, Prime demands judgment in its favor on all claims in the Complaint, together with an award of the attorneys' fees and costs it incurs in defending this matter and for such other and further relief as the Court deems just and equitable.

Respectfully submitted this 25th day of April 2019.

/s/ Rishi S. Bagga
Rishi S. Bagga, J.D., LL.M.
Fla. Bar No. 25700
THE LAW OFFICE OF
RISHI S. BAGGA, P.A.
618 E. South St.
Orlando, Florida 32801
Tel: (407) 992-6222
E-mail: rishi@rsbesq.com
*Counsel for Prime Communications, L.P.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2019, a copy of foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

/s/ Rishi S. Bagga
Rishi S. Bagga, J.D., LL.M.